359 So.2d 524 (1978)
The STATE of Florida, Appellant,
v.
Albert W. TRESVANT, Sr., Appellee.
No. 77-1780.
District Court of Appeal of Florida, Third District.
May 23, 1978.
Rehearing Denied June 28, 1978.
*525 Janet Reno, State's Atty. and Paul M. Rashkind, Asst. State's Atty., for appellant.
James W. Matthews, Miami, for appellee.
Before HENDRY and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The State filed this appeal from an order granting new trial. We find error and reverse.
The appellee was found guilty by a jury of the crimes charged against him by indictment, consisting of conspiracy to commit a felony, bribery, and unauthorized compensation for official behavior, in violation respectively of Sections 777.04(3), 838.015, and 838.016 Florida Statutes (1975).
As recited in the order granting new trial, it was sought by the defendant on the grounds (1) that the court erred in excusing a qualified juror on motion of the State, and (2) that the "jury was influenced by fear or prejudice owing to an incident involving defendant following them out of the courtroom building into a parking lot area".
As to the first incident, whereby a juror was removed for cause during the trial and was replaced by the chosen alternate juror, the trial court, in granting the motion for new trial, viewed that as having been an error of law. Regarding the second incident, as to which the court during trial had become satisfied that no prejudice to the defendant had thereby occurred, in granting new trial the court said such incident constituted a "cause not due to defendant's own fault which prevented a fair and impartial trial".
On voir dire, the juror who later was excused for cause, when questioned as to whether she had ever been a victim of a crime, did not answer that question directly but stated she had been arrested on being accused of interfering with an arrest which was being made of her son, but that the *526 matter had been dropped. Investigation made by the State while the trial was proceeding disclosed that a person having the same name had been arrested on six occasions. Prior to the close of the State's case the State, with permission of the Court, on further voir dire examination of the juror, established that she was the person who had been subject to said multiple arrests, which she had not revealed. The State's motion for the juror to be excused or removed for cause was granted and the trial proceeded with the alternate juror replacing the one thus excused.
The appellee argues it was error to remove the juror because the fact that she had been arrested a number of times did not legally disqualify her to sit as a juror. The State contends removal of the juror was not for any reason of disqualification under the law, but for her lack of candor in not revealing the other arrests, when her answers were such as to lead to an inference indicating there was only one such and, because, as recited in the court's order, in the course of her subsequent voir dire in which she was questioned by a prosecutor regarding her failure to have disclosed the other arrests "there developed some hostility or resentment on the part of Johnson [the juror] directed toward the inquiring prosecutor". Further, the State argues that no prejudice resulted inasmuch as the discharged juror was replaced by the previously accepted alternate juror.
Regarding that incident, it is our view that removal of the juror and substitution of the alternate in her place was not an abuse of discretion in the circumstances. Moreover, if it should be considered that the excusal of the juror was unnecessary or uncalled for, the error therein was harmless. There was no showing that it operated to the prejudice of the defendant, or that it resulted in a miscarriage of justice.
Concealment by a juror on voir dire of information which may have been of materiality as to whether the juror would be excused on peremptory challenge or for cause, which having occurred is not revealed or discovered until after trial, can justify the granting of a new trial. Skiles v. Ryder Truck Lines, Inc., 267 So.2d 379 (Fla. 2d DCA 1972). Therefore, when such occurs and is disclosed during a trial, a mistrial would be indicated unless, as in this instance, there is available an acceptable alternate juror to replace the offending juror when removed. United States v. Taylor, 554 F.2d 200 (5th Cir.1977). It follows that if there existed a legal need to excuse the juror in question, the procedure employed in this case did not constitute error in law; and if the situation did not legally require the removal of the juror for cause her removal with substitution of the alternate juror was not shown to have caused any prejudice and, if error, was harmless. The trial court was in error in viewing that incident as an error of law requiring or justifying the entry of an order for new trial.
The second incident occurred at the end of a day of the trial, when the jurors, and the defendant in company with his daughters, left the building at the same time, and proceeded to a certain parking lot where all of the cars they were using had been parked. The next morning a juror related to a court attendant, who relayed the information to the court, that as the jurors were proceeding to the parking lot the defendant appeared to be following them, and had certain conversation with them, and that there had been some discussion of that among the jurors. The conversation of the defendant, as recalled by the juror, was that defendant had asked them as a group why they had not used the nearby free parking lot for jurors, and that in the parking lot he had asked one of the jurors what kind of a car he had. The court talked with the reporting juror, in the presence of counsel but out of the presence of the other jurors. With his consent the court also questioned the defendant on the matter. The defendant denied he had spoken with the jurors, stating that his conversation had been with his daughters, and he stated that the remark he made in the parking lot to one of the jurors was prompted by the fact that the car owned by the juror, which was parked next to his, was a Jaguar, a make of car which he said he admired, and that the only remark he made to that juror was: *527 "Wow, a Jaguar". The court then had the jurors brought in and addressed them as follows:
"Ladies and gentlemen, it has been brought to my attention that there was some incident yesterday which caused you some concern, and which, perhaps, has been discussed among you.
"I have not only talked to one of you, I have also inquired of the parties at some length, and I feel satisfied that nothing that occurred yesterday was intended to influence, intimidate or otherwise make you feel uncomfortable in any way, but before proceeding further, I would like for you to indicate for the record, individually, your feelings."
The court then stated: "Starting with No. 1, do you feel that, as a result of yesterday's incident and the discussion this morning, that you are still able to render a fair and impartial verdict?" That juror's response was: "Definitely". Each of the other jurors, when separately asked to answer that question, replied: "Yes". Thereupon the court asked counsel if they wished to inquire further of the jurors. Counsel for defendant stated: "I have no inquiry, Judge", and the prosecutor stated he had no further questions. The trial proceedings then were resumed.
At that stage of the proceedings, there was no claim of prejudice by the defendant with regard to that incident, and no objection or motion for mistrial was made on behalf of the defendant. On the contrary, at the trial the defendant represented to the court that he had done nothing to intimidate the jurors or to cause them concern.
As revealed by the foregoing proceedings which were had with reference to the parking lot incident, at the trial it was established to the satisfaction of the court, and apparently to counsel for the parties, that no harm or prejudice had resulted therefrom, and that the ability of the jurors to return a fair and impartial verdict had not been impaired. We so regard the record of the case as it related to that incident, and find nothing in the record which would support the subsequent conclusion expressed by the court that this incident operated to prevent a fair trial of the defendant.
We hold that the two matters occurring during the trial which the court regarded as errors such as to require the granting of a new trial, were not errors or, if error, were harmless, and that the granting of a new trial on the basis thereof was an abuse of discretion.
We are cognizant of the well established rule that an order granting a new trial is entitled to great weight, and that an appellant has the burden of showing a clear abuse of discretion, but an order granting a new trial on matters which the trial court views as errors of law should be reversed when, on appeal, it is determined such matters were not error, or constituted harmless error. Gatlin v. Jacobs Construction Co., 218 So.2d 188 (Fla. 4th DCA 1969); State v. Monsees, 301 So.2d 109 (Fla. 4th DCA 1974); State v. Woodson, 330 So.2d 152 (Fla. 4th DCA 1976).
Accordingly, the order granting new trial is reversed.