BERANEK, Judge.
Appellant/defendant, Alva Yida Porter, was charged by information with aggravated battery. A jury found appellant guilty as charged and the court sentenced her to three years and one month in the state prison. She appeals her conviction and sentence raising several issues, one of which we deem necessary to discuss.
During the course of the trial, Anthony Russell entered the courtroom to testify. Juror number one raised her hand and stated that she didn’t know the witness’s name, but she recognized his face from the school where he teaches. Although she stated she could fairly judge his testimony, the court excused her “because as you go along, you may recall, as we sometimes do when we see someone sitting, and at first we kind of vaguely remember the face, maybe, and then we might remember something else, either for him or against him, . . . .” Defense counsel objected but noted no grounds.
Appellant now claims the juror’s excusal was error and that had the juror been allowed to serve the verdict might *19 have been different. We disagree. Juror competency is a question of mixed fact and law within the sound discretion of the trial court whose determination will not be disturbed unless error is manifest. Singer v. State, 109 So.2d 7, 22 (Fla.1959). While the parties are entitled to have qualified jurors serve, they are not entitled to any particular juror. Piccott v. State, 116 So.2d 626 (Fla.1960), cert. denied, 364 U.S. 293, 81 S.Ct. 106, 5 L.Ed.2d 83 (1960). Since an alternate juror was present to whom appellant had not objected, the trial court did not err in exercising its discretion in removing juror number one. See Florida Rule of Criminal Procedure 3.280(a). The appellant here received a trial before a jury of 6 persons to whom she had no objection. The fact that one juror was replaced by the alternate has not been shown to have resulted in a miscarriage of justice to appellant. This is particularly so where the appellant’s objection was stated without advising the court of any grounds therefor. We therefore find appellant has failed to demonstrate prejudicial error,
AFFIRMED.
MOORE, J., and KAPNER, LEWIS, Associate Judge, concur.