389 So.2d 1199 (1980)
Robin OROSZ, Appellant,
v.
STATE of Florida, Appellee.
No. OO-376.
District Court of Appeal of Florida, First District.
October 17, 1980.
Rehearing Denied December 1, 1980.
*1200 Michael J. Minerva, Public Defender, and Louis G. Carres, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
PER CURIAM.
Orosz appeals, urging that the trial court erred in its instructions to the jury panel and in dismissing a juror without the express consent of defendant. We affirm.
During the preliminary instructions to the jury panel the trial court stated:
It is the constitutionally guaranteed right of every citizen to make his defense to a charge of crime in open court according to the rules and to have the facts concerning his alleged crime heard, weighed, and considered and determined by a jury of his peers.
Standing alone, this statement could, under certain circumstances, constitute error and we caution the trial court to scrupulously avoid such comments. In this case, shortly after making the statement, the court instructed the jury on the defendant's right to remain silent specifying that the defendant did not have to prove his innocence or furnish any evidence. The court later instructed on the presumption of innocence and the state's burden of proving each material allegation beyond and to the exclusion of every reasonable doubt. He reiterated that the defendant need not prove anything and that the entire burden is on the state to overcome the presumption of innocence. Under these circumstances any error the court may have committed was cured.
Additionally, we note that appellant did not object and did not move for a mistrial when the comment was made as is required in the absence of fundamental error. Clark v. State, 363 So.2d 331 (Fla. 1978).
We also find no error with regard to appellant's second point. During the trial, the court noticed that one of the jurors appeared to be sleeping and called this to the attention of counsel, both of whom indicated they wished to proceed with the jury as constituted.
At the close of the evidence, the court again inquired of counsel and appellant stated he wished to continue with the same jury. The court decided to continue its observation of the juror during final instructions and then make its decision. After an off-the-record discussion, the court dismissed the juror and substituted an alternate. There was no record objection, and no record acquiescence.
While off-the-record discussions are not favored, Magill v. State, 386 So.2d 1188 (Fla. 1980) defendant has not shown reversible error.
A trial court has the duty to insure that a defendant receives a fair and impartial trial and that jurors are attentive to the evidence presented. The conduct of jurors is the responsibility of the court and the court is allowed discretion in dealing with any problems that arise. Walker v. State, 330 So.2d 110 (Fla. 3d DCA 1976). Removal of the juror and substitution of the alternate was not an abuse of discretion. After continued observation over a significant portion of the trial, the court concluded that the juror was not attentive and would be unable to deal fairly with the evidence. Even if the court were wrong, the error was harmless. The juror was replaced by a duly selected alternate who had been present during the entire proceedings and appellant has not shown that he was prejudiced by the substitution. State v. Tresvant, 359 So.2d 524 (Fla. 3d DCA 1978) cert. denied 368 So.2d 1375 (Fla. 1979).
AFFIRMED.
MILLS, C.J., and McCORD and THOMPSON, JJ., concur.