443 So.2d 176 (1983)
Raymundo ALFONSO, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-738.
District Court of Appeal of Florida, Third District.
December 13, 1983.
*177 Bennett H. Brummer, Public Defender, and Carol R. Gersten, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Jack B. Ludin, Asst. Atty. Gen., for appellee.
Before HENDRY, HUBBART and JORGENSON, JJ.
HENDRY, Judge.
Raymundo Alfonso appeals from his conviction of burglary of a structure and carrying a concealed firearm following the denial of his motions for a mistrial. We affirm.
On the second day of trial, an incident occurred which gave rise to appellant's motions for a mistrial, and thus, to this appeal. On that day, Officer Beard, the City of Miami police officer who initially apprehended appellant, was seen talking with two of the jurors in the case.[1] The trial court was notified and appellant immediately moved for a mistrial. The trial court denied the motion and proceeded to question the jurors about the incident. One juror, Mr. Dunlevy, was dismissed when it was learned that Officer Beard had commented on the case to him. Mr. Shoaf was allowed to remain on the jury because the only conversation he had with Officer Beard concerned fishing and boats. The other members of the jury were also questioned. They all stated that they heard the conversation and that it involved fishing. No one, other than Mr. Dunlevy, heard Officer Beard comment on the case. Appellant again moved for a mistrial when it was learned that all of the jurors heard the conversation about fishing, arguing that the members would be more sympathetic to the police officer (and thus prejudiced against the appellant) because of it. The trial court again denied the motion and proceeded to question each juror individually as to his or her ability to render a fair and impartial judgment in the case. All of the jurors stated that the conversation would have no effect on their deliberations or verdict. Thus satisfied, the trial court seated the alternate juror in place of Mr. Dunlevy and the trial resumed.
The procedure to be followed when there has been an impermissible contact with the jury or when the jury may have had access to potentially prejudicial material (such as a television or newspaper report) regarding the case is set out in United States v. Herring, 568 F.2d 1099 (5th Cir.1978). The issue which must first be resolved in such an instance is whether the material or contact raises serious questions of possible prejudice to the litigants. If so, the trial court must determine whether the material has actually reached the jury or whether members of the jury have knowledge of the impermissible contact. If, in the court's view, there are serious questions of possible prejudice, the court must question the members of the jury on their ability to render an impartial verdict. Id. at 1104-1105. This procedure is now followed by the federal courts in the Fifth Circuit Court of Appeals, United States v. Pecora, 693 F.2d 421 (5th Cir.1982); United States v. Phillips, 664 F.2d 971, 997-1000 (5th Cir.1981); United States v. Forrest, 620 F.2d 446 (5th Cir.1980), appeal after remand, 649 F.2d 355 (5th Cir.1981); Dorminey v. United States, 546 F. Supp. 702 (M.D.Ga. 1982), and by our state courts. *178 Jones v. State, 411 So.2d 165 (Fla. 1982); Diaz v. State, 435 So.2d 911 (Fla. 4th DCA 1983); State v. Tresvant, 359 So.2d 524 (Fla. 3d DCA 1978).
While the conduct of the jury is the responsibility of the trial court and the court is allowed discretion in dealing with any problems that arise, Orosz v. State, 389 So.2d 1199 (Fla. 1st DCA 1980), due process and the sixth amendment to the United States Constitution require that the verdict in a criminal trial be rendered by a fair and impartial jury. The court in Herring set out a procedure whereby all of these concerns are satisfied. Since the trial court in this case followed the Herring hearing procedure precisely, we find that none of appellant's constitutionally guaranteed due process or sixth amendment rights were violated.
Affirmed.
JORGENSON, Judge, specially concurring.
I agree that an affirmance is the proper result in this case and write separately only to emphasize that our affirmance should not be read as an approval of the conduct described in the majority opinion. While I agree that it is the responsibility of the trial judge to deal with problems of this nature, that burden could be significantly lessened if trial counsel would properly instruct their witnesses on the fundamental rules of court.[1] We glean from the record that this was the first jury trial in which the police officer had ever been involved. The trial court properly chastised the officer and instructed him on his duty to have no contact with a juror.
NOTES
[1] The jury had been given the standard admonishment at the start of the trial.
[1] Canon 7 of the Florida Code of Professional Responsibility (1970) provides:

EC 7-29. To safeguard the impartiality that is essential to the jury process, veniremen and jurors should be protected against extraneous influences. When impartiality is present, public confidence in the judicial system is enhanced. There should be no extrajudicial communication with veniremen prior to trial or with jurors during trial by or on behalf of a lawyer connected with the case... .
DR 7-108(B). During the trial of a case: (1) A lawyer connected therewith shall not communicate with or cause another to communicate with any member of the jury.
(G) A lawyer shall reveal promptly to the court improper conduct by a venireman or a juror, or by another toward a venireman or a juror or a member of his family, of which the lawyer has knowledge.