453 So.2d 917 (1984)
Gary PLAIR, Appellant,
v.
STATE of Florida, Appellee.
No. AW-236.
District Court of Appeal of Florida, First District.
August 8, 1984.
Michael Allen, Public Defender, Paula S. Saunders, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Raymond Marky, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Plair was tried by a jury and convicted of armed trespass and aggravated assault. The sole contention on appeal is that the trial court erred in denying defense counsel's challenge to a juror for cause. We reverse.
Plair was accused of trespassing in the Jennings apartment of Wanda Cox and Judy Warner. He was also accused of *918 assaulting Warner. Plair pleaded not guilty and requested a jury trial.
After all but one juror had been selected, and defense counsel had exercised all his peremptory challenges, prospective juror Grantham was questioned on voir dire. The following exchange took place between Grantham and the prosecutor:
By Mr. Page:
Is there anything that I haven't asked you, that would make it difficult for you or uneasy for you to sit as a juror in this case, maybe something that you have heard here today, that I just not have gone through?
By the Juror:
I know Wanda and Judy.
By Mr. Page:
Again, this is a small community, and people know each other, and the fact that you know Judy Warner and Wanda Cox, do you think, that you can base your verdict on the evidence what you hear from the witness stand, even though Wanda and Judy may testify here?
By the Juror:
It probably would be hard.
By Mr. Page:
Well, like you heard a minute ago, a lot of times, it's hard to sit on a jury, the question is, would you find it impossible for you to be a fair and impartial to the State or to Mr. Plair?
By the Juror:
It would be impossible.
The following exchange took place between Grantham and defense counsel:
Have you heard or read anything about this case?
By the Juror:
Yes sir.
By Mr. Hedrick:
Was that in the Jasper Newspaper?
By the Juror:
Yes, sir.
By Mr. Hedrick:
How long ago since you read those articles?
By the Juror:
I don't know.
By Mr. Hedrick:
Do you remember what you read, without telling me, do you remember what you read?
By the Juror:
Yes, sir.
By Mr. Hedrick:
Have you formed any opinions about this case, based on what you read?
By the Juror:
Yes.
By Mr. Hedrick:
Now, without telling me what that opinion is, can you set that opinion aside and presume Gary Plair innocent and wait until you have heard all the evidence before you reach a final decision?
By the Juror:
I don't know, I can try.
Defense counsel challenged Grantham for cause. The trial court denied the challenge and Grantham sat as a member of the jury.
We recognize appellant has the burden of showing manifest error in the denial of a challenge for cause. Hawthorne v. State, 399 So.2d 1088 (Fla. 1st DCA 1981). That burden, however, may be overcome in a proper case. See Singer v. State, 109 So.2d 7 (Fla. 1959); Leon v. State, 396 So.2d 203 (Fla. 3d DCA 1981).
Despite other statements made by Grantham on voir dire to the effect that she could be impartial, we think her statements quoted in this opinion raised a substantial doubt as to her ability to render an impartial verdict according to the evidence. The trial court erred in denying the challenge for cause.
Reversed and remanded for a new trial consistent with this opinion.
SHIVERS and WIGGINTON, JJ., concur.