470 So.2d 97 (1985)
Joscelyn Amanuel GRAHAM, Appellant,
v.
STATE of Florida, Appellee.
No. AZ-357.
District Court of Appeal of Florida, First District.
June 7, 1985.
Michael E. Allen, Public Defender, Kenneth L. Hosford, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellee.
MILLS, Judge.
Graham appeals from his conviction for aggravated child abuse on the ground that the trial court improperly dismissed a juror for cause during trial, substituting an alternate. We affirm.
After the commencement of Graham's trial, one of the jurors approached the bailiff and informed him that she knew Graham's mother. The bailiff in turn informed the court and the trial judge questioned the juror regarding the connection. Responding to his inquiry, the juror stated that she could be "fair and impartial" despite knowing Graham's mother, but repeatedly asserted that she would "rather not be on the jury." The judge excused her despite the assertion of continued impartiality, based on his belief that she would not have taken steps to inform the court had she not felt concern that her knowledge would adversely affect the performance of her jury duty.
We cannot say that this action was error. In Singer v. State, 109 So.2d 7 (Fla. 1959), it was held that "if there is basis for any reasonable doubt as to any juror's possessing that state of mind which will *98 enable him to render an impartial verdict based solely on the evidence submitted and the law announced at the trial he should be excused... ." (emphasis supplied) In this case, the juror's repeatedly expressed discomfort with continued service was sufficient to give rise to such reasonable doubt.
Her simultaneous assertions of impartiality should not control, since "[i]t is difficult for any person to admit that he is incapable of being able to judge fairly and impartially." Singer. "[A] juror's statement that he can and will return a verdict in accordance with the evidence submitted and the law announced at trial is not determinative of his competence, if it appears from other statements made by him ... that he is not possessed of a state of mind which will enable him to do so." Leon v. State, 396 So.2d 203, 205 (Fla. 3d DCA 1981) reh. den. citing Singer; accord Plair v. State, 453 So.2d 917, 918 (Fla. 1st DCA 1984).
Even if we were to agree that the dismissal of the juror was error, it was harmless. The juror was replaced by a duly selected alternate who was present for the entire proceedings, and no prejudice was shown to have resulted from the substitution. Orosz v. State, 389 So.2d 1199, 1200 (Fla. 1st DCA 1981).
AFFIRMED.
SMITH and THOMPSON, JJ., concur.