BASKIN, Judge.
Appellant James Parham challenges his convictions and sentences for robbery with a firearm, kidnapping, and unlawful possession of a firearm while engaged in a criminal offense. He contends that the trial court erred in failing to suppress his taped confession, obtained in the absence of counsel. We affirm.
On January 21,1986, Parham and a code-fendant, not a party to this appeal, allegedly robbed Robert Davis, a truck driver making rounds for a beer distributorship. *992 On January 28, 1986, Parham was being held in the Dade County Jail on unrelated matters; a public defender had been appointed to represent him. Upon learning that Parham was in jail, Detective Iglesias, a Metro-Dade detective investigating the Davis robbery, brought Parham to his office and questioned him about the robbery; Parham signed a Miranda waiver form and confessed to the Davis robbery.
Parham argues that the trial court should have suppressed his confession because he had previously signed and delivered to the state a separate form stating that he would not waive his right to counsel regarding “any criminal charges pending or contemplated.” He maintains that his right to counsel and his right to freedom from self-incrimination were violated. A review of the record, however, fails to disclose the existence of such a document. As a result, we are unable to consider the effect of that document on the custodial police questioning that ensued.
We conclude that Parham’s incriminating statements were not rendered involuntary by the state’s failure to notify the public defender appointed to represent Parham in the earlier matter prior to questioning Par-ham about the Davis robbery. Parham was not represented by counsel in the Davis case because he had not been charged in that case; he did not yet have a sixth amendment right to counsel in connection with the Davis robbery. Parham had been informed of his Miranda rights, and waived those rights. Lofton v. State, 471 So.2d 665 (Fla. 5th DCA), review denied, 480 So.2d 1294 (Fla.1985); see Kight v. State, 512 So.2d 922 (Fla.1987); Waterhouse v. State, 429 So.2d 301 (Fla.), cert. denied, 464 U.S. 977, 104 S.Ct. 415, 79 L.Ed.2d 352 (1983).
Affirmed.
HUBBART and BASKIN, JJ., concur.