559 So.2d 1201 (1990)
Robert MOBLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 88-3368.
District Court of Appeal of Florida, Fourth District.
March 7, 1990.
Rehearing Denied May 23, 1990.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David D. McLauchlin, Asst. Atty. Gen., West Palm Beach, for appellee.
*1202 PER CURIAM.
During voir dire, a prospective juror denied he had ever been a victim of a crime. He was selected for the jury and the trial began. Thereafter, he remembered that he had, after all, been a crime victim and informed the judge. Defense counsel's motion to strike him from the panel and substitute the alternate was denied. We reverse.
The defense did not use all its peremptory challenges in this case. Had the juror answered correctly during voir dire, a peremptory challenge might well have been used in view of the juror's personal experience. However, the defendant was denied the inalienable right to use such a challenge because of the incorrect response to voir dire. This was error, notwithstanding the juror's assurances that he could be impartial. Those assurances might well have obviated a challenge for cause, but it did nothing to resurrect the ability to exercise a peremptory challenge. See Mitchell v. State, 458 So.2d 819 (Fla. 1st DCA 1984).
We find no further error.
REVERSED AND REMANDED.
LETTS and WALDEN JJ., concur.
STONE, J., dissents with opinion.
STONE, Judge, dissenting.
In my judgment, the appellant has failed to demonstrate an abuse of trial court discretion. It was the juror who raised the matter after the trial had started when he recalled that he had once been the victim of a burglary in which a bank card was stolen. There is nothing in the record of the additional voir dire to cast doubt on the juror's assurance that this incident would have no bearing on his ability to be fair and impartial. On this record it is unlikely that the incident would be of any material significance to the charges of battery on a police officer and resisting arrest with violence. I would affirm.