564 So.2d 238 (1990)
Freddy ANDRADE, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-1329.
District Court of Appeal of Florida, Third District.
July 17, 1990.
*239 Bennett H. Brummer, Public Defender, and John Lipinski and Maria Brea Lipinski, Sp. Asst. Public Defenders, for appellant.
Robert A. Butterworth, Atty. Gen., and Fariba N. Komeily, Asst. Atty. Gen., for appellee.
Before HUBBART, NESBITT and BASKIN, JJ.
PER CURIAM.
This is an appeal by the defendant Freddy Andrade from final judgments of conviction and sentences for (1) first-degree murder, (2) three counts of attempted murder, (3) armed robbery, (4) conspiracy to traffic in cocaine, and (5) resisting arrest with violence. We affirm based on the following briefly stated legal analysis.
First, the trial court did not, as urged, commit reversible error in denying the defendant's motion to suppress his incriminating statements to the police. Contrary to the defendant's contention, the defendant at no time affirmatively asserted his desire to speak to a lawyer and clearly waived his right to counsel and his right to remain silent prior to any police interrogation in this case. Moreover, the state established that the defendant's incriminating statements were freely and voluntarily given and were unrelated to the physical and verbal abuse which the defendant previously received at the hands of the police officers from another police department who did not participate in the subject police interrogation. Perez v. State, 536 So.2d 359, 360 (Fla. 3d DCA 1988); Leon v. State, 410 So.2d 201, 203 (Fla. 3d DCA), rev. denied, 417 So.2d 329 (Fla. 1982).
Second, the trial court did not, as urged, commit reversible error in excusing a juror during trial and in replacing the said juror with an alternate juror. The juror called the trial judge on the morning of the last day of the trial and reported that the juror was sick with the flu and would be unable to come to court; the trial judge excused the juror and thereafter replaced him with an alternate juror. We see no reversible error in this procedure. United States v. Houlihan, 332 F.2d 8, 12 (2d Cir.), cert. denied, 379 U.S. 828, 85 S.Ct. 56, 13 L.Ed.2d 37 (1964); North v. State, 65 So.2d 77, 79-80 (Fla. 1952), aff'd, 346 U.S. 932, 74 S.Ct. 376, 98 L.Ed. 423 (1954); Orosz v. State, 389 So.2d 1199, 1200 (Fla. 1st DCA 1980); State v. Tresvant, 359 So.2d 524 (Fla. 3d DCA 1978), cert. denied, 368 So.2d 1375 (Fla. 1979).
Third, the trial court did not, as urged, commit reversible error in enhancing the defendant's conviction on the three counts of attempted murder and in imposing three-year mandatory minimum sentences as to each of these convictions; this is so because the evidence establishes that the defendant possessed a firearm during the criminal episode in question. Junco v. State, 510 So.2d 909, 912-13 (Fla. 3d DCA), rev. denied, 518 So.2d 1276 (Fla. 1987); Smith v. State, 438 So.2d 10 (Fla. 2d DCA 1983), rev. denied, 447 So.2d 888 (Fla. 1984). Moreover, the facts of this case clearly permit the imposition of consecutive three-year mandatory minimum sentences. LeCroy v. State, 533 So.2d 750, 754 (Fla. 1988), cert. denied, ___ U.S. ___, 109 S.Ct. 3262, 106 L.Ed.2d 607 (1989); State v. Thomas, 487 So.2d 1043 (Fla. 1986).
Finally, (a) the defendant's requested jury instruction on the defense of abandonment was properly denied because there was no evidence adduced at trial to support such a defense and the proposed instruction was otherwise incomplete and misleading, Smith v. State, 424 So.2d 726, 732 (Fla.), cert. denied, 462 U.S. 1145, 103 S.Ct. 3129, 77 L.Ed.2d 1379 (1983); Taylor v. State, 350 So.2d 13 (Fla. 4th DCA 1977), cert. denied, 359 So.2d 1221 (Fla. 1978); (b) the prosecuting attorney's complained-of *240 comments during final argument to the jury did not call for a mistrial, Bertolotti v. State, 476 So.2d 130, 133-34 (Fla. 1985); Burr v. State, 466 So.2d 1051, 1054 (Fla.), cert. denied, 474 U.S. 879, 106 S.Ct. 201, 88 L.Ed.2d 170 (1985); Breedlove v. State, 413 So.2d 1 (Fla.), cert. denied, 459 U.S. 882, 103 S.Ct. 184, 74 L.Ed.2d 149 (1982); Erwin v. State, 532 So.2d 724 (Fla. 5th DCA 1988), rev. denied, 542 So.2d 1333 (Fla. 1989); and (c) the trial court properly excluded the codefendant's hearsay statement to a police officer as it was not, as urged, a declaration against penal interest. Maugeri v. State, 460 So.2d 975, 977 (Fla. 3d DCA 1984), dismissed, 469 So.2d 749 (Fla. 1985).
Affirmed.