LEVY, Judge.
Felix De La Hoz appeals his final judgments of conviction and sentences for first-degree murder, attempted first-degree murder, armed robbery, conspiracy to traffic in cocaine, armed trafficking in cocaine, resisting arrest with violence and possession of a machine gun.
On June 28, 1989, Felix De La Hoz (“De La Hoz"), the defendant, and a co-defendant, Freddy Andrade (“Andrade”), met at a convenience store on Miami Beach to purchase four kilos of cocaine from a police officer posing as a seller in a reverse-sting operation. An Officer Morantes parked his Ford Bronco at the convenience store to consummate the sale. De La Hoz and An-drade subsequently arrived and parked directly behind Officer Morantes in a Chevrolet Blazer. As Officer Morantes approached De La Hoz, he was grabbed by De La Hoz and then beaten on the jaw with a machine gun. After Officer Morantes fell to the ground, De La Hoz drove off in the officer’s Bronco and stole the four kilos of cocaine still inside of it. Andrade drove off in the Blazer. A chase ensued with some police officers pursuing the Blazer and others pursuing the Bronco driven by De La Hoz. When police reached the Bronco, De La Hoz began firing with a MAC-10 semiautomatic weapon and struck one officer in the hand. The police caught up with the Blazer in a neighborhood field, where it had struck a tree. One officer, Scott Ra-kow, lay dead in the field. He was shot and killed by the codefendant, Andrade. The murder weapon was subsequently found in a nearby canal. De La Hoz was ultimately arrested in front of a house. *813 The search of the Bronco turned up spent shell casings, live ammunition and the four kilos of cocaine.
De La Hoz was indicted on counts of first-degree murder, attempted first-degree murder, armed robbery, conspiracy to traffic in cocaine, armed trafficking in cocaine, resisting arrest with violence and possession of a machine gun. De La Hoz filed pretrial motions to voir dire and challenge the potential grand jurors, to sever the trial from other co-defendants and to dismiss the indictment. Specifically, De La Hoz argued that the extensive pretrial publicity of Officer Rakow’s shooting effectively prejudiced individual grand jurors. These motions were denied.
On the last day of the jury trial, one of the jurors phoned the trial court early in the morning to communicate her inability to continue due to the flu. The trial court excused the juror and replaced her with the alternate juror. The trial court notified the respective counsel of the juror’s absence upon resuming the trial later on that morning. At the end of the jury trial, De La Hoz was convicted on all counts and sentenced to four consecutive life sentences plus 20 years.
The appellant appeals his convictions, claiming that the court committed reversible error by denying appellant’s motions relating to the Grand Jury, by excusing the ill juror without allowing appellant’s counsel to participate in some type of proceeding that appellant contends the court should have held relating to the juror’s request for excusal, and finally, that the trial court committed error in connection with various rulings made by the trial court during trial. A review of the record, specifically including the actual transcripts of the proceedings complained of relating to appellant’s third point, reflects that each of the points raised by appellant are devoid of merit. Contrary to appellant’s arguments, the record reflects that the trial court meticulously considered every matter raised by appellant at the trial level. Furthermore, the record reflects that the trial court did so in complete conformity with Florida law. See Johnston v. State, 497 So.2d 863 (Fla.1986); Porter v. State, 400 So.2d 5 (Fla.1981); Andrade v. State, 564 So.2d 238 (Fla. 3d DCA 1990), review denied, 576 So.2d 284 (Fla.1991).
Affirmed.