582 So.2d 117 (1991)
Cliff Anthony SMITH, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-2369.
District Court of Appeal of Florida, Third District.
July 2, 1991.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Mark S. Dunn, Asst. Atty. Gen., for appellee.
Before NESBITT, LEVY and GODERICH, JJ.
LEVY, Judge.
At the time that the defendant was sentenced, on September 1, 1989, the trial court departed upward one cell when sentencing the defendant in connection with the burglary and robbery convictions. The judge did not give written reasons for the upward departure of one cell, apparently believing that it was unnecessary to give written reasons when imposing only a one cell departure, which the judge believed placed the sentence in the "permitted range".
However, the offenses involved in this case were committed between January *118 17th and January 21st, 1988. As the State correctly acknowledges, the "permitted range" concept, which authorizes a one cell departure without the necessity of giving written reasons, does not apply to offenses committed prior to July 1, 1988. Accordingly, this cause must be remanded so that the appellant can be re-sentenced in connection with the burglary and robbery convictions.[1] Since the record in this case clearly supports the State's argument that the trial court did not recognize that it was improperly imposing a departure sentence where written reasons were required, the trial judge in the instant case must be allowed to consider on remand whether the one cell departure is appropriate and, if so, to set forth the valid reason for departure. See State v. Betancourt, 552 So.2d 1107 (Fla. 1989).
All other aspects of this case, including the conviction and sentence entered in connection with the first-degree murder charge, are affirmed.
Affirmed in part, reversed in part, and remanded with directions.
NOTES
[1] The appellant does not contest the judgment or sentence entered in connection with the first-degree murder conviction.