608 So.2d 842 (1992)
Mark WILSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-778.
District Court of Appeal of Florida, Third District.
September 29, 1992.
Rehearing Denied December 8, 1992.
Bennett H. Brummer, Public Defender and Kenneth P. Speiller, Special Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Elaine L. Thompson, Asst. Atty. Gen., for appellee.
Before BASKIN, COPE and GODERICH, JJ.
PER CURIAM.
The defendant, Mark Wilson, appeals his conviction and sentence for burglary of a structure with a firearm (Count I), two counts of robbery with a firearm (Counts II *843 and III), two counts of false imprisonment with a firearm (Counts IV and V), grand theft second degree (Count VI), and unlawful possession of a firearm while engaged in a criminal offense (Count VII). We affirm in part, reverse in part, and remand.
The defendant contends that two days after his arrest he signed a form invoking his rights against self-incrimination. However, this form is not in the record. A few days later, the defendant signed a rights waiver form in front of the detectives and confessed that he had committed the robbery. Prior to trial, the defendant filed a motion to suppress confessions, admissions and statements. The trial court denied the motion. During the trial, the defendant objected to the introduction of the confession based on the motion to suppress. The trial court overruled the objection.
The defendant contends that the trial court erred in denying his motion to suppress his confession where the confession was given in a police initiated interview after the defendant had invoked his rights. However, there is no document in the record proving that the defendant invoked his rights. Therefore, under Parham v. State, 522 So.2d 991 (Fla. 3d DCA 1988), the trial court properly denied the defendant's motion to suppress.
Second, we also find that the trial court's admission of Ann Simon's in-court identification was proper. The defendant did not show any substantial likelihood of irreparable misidentification. See Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); Davis v. State, 560 So.2d 1346 (Fla. 3d DCA 1990). The victims, Jerome and Ann Simon, had seen the defendant around the hotel several times before he robbed them. Based on the testimony of both victims and on the defendant's confession, there is no possibility of irreparable misidentification.
Prior to the start of the second day's testimony, a juror sent a note to the judge that there was a potential problem with another juror, Benadette Bryan. Bryan had indicated ill feelings against the State Attorney's Office. The trial court questioned all the jurors. Bryan indicated that the State Attorney's Office was trying to do something to her mother that was unfair. She also stated that she could be fair and impartial. On the state's motion, but over the defendant's objection, the trial court dismissed Bryan.
The defendant contends that the trial court erred in dismissing juror Bryan after the start of the testimony. We disagree.
During voir dire, the state had asked the entire jury panel whether they could be impartial. Bryan did not respond or ask for a side-bar. When the concealment was discovered, the trial judge properly resolved the problem by replacing Bryan with an alternate juror. See State v. Tresvant, 359 So.2d 524 (Fla. 3d DCA 1978) (when juror on voir dire conceals information which may have been of materiality as to whether juror would be excused and such is disclosed during trial, mistrial indicated unless alternate juror available to replace juror), cert. denied, 368 So.2d 1375 (Fla. 1979).
The defendant contends that the trial court erred in convicting the defendant of grand theft in the second degree where this conviction violated his double jeopardy rights. We disagree.
The defendant took the victims' keys during the robbery. After the robbery, he walked outside the hotel and stole their automobile. The defendant's conviction for grand theft is proper and should be affirmed where the theft of the automobile was a separate, independent criminal act apart from the strong-arm robbery which occurred inside the hotel room. See Lattimore v. State, 571 So.2d 99 (Fla. 3d DCA 1990). Accordingly, the trial court properly denied the defendant's motion for judgment of acquittal on the grand theft auto charge.
As the state properly concedes, the trial court erred in convicting and sentencing the defendant for possession of a firearm during the commission of a felony where this conviction violated his double jeopardy rights. See Cleveland v. State, 587 So.2d 1145 (Fla. 1991); Hall v. State, *844 517 So.2d 678 (Fla. 1988); Perez v. State, 528 So.2d 129 (Fla. 3d DCA 1988). Therefore, the defendant's conviction for possession of a firearm in the commission of a felony must be vacated.
The guidelines put the defendant in the 9-12 year cell. The trial court sentenced the defendant to 15 years in prison on Counts I, III, IV, V, VI and VII and 10 years probation on Count II. The sentence on each count was to run concurrent with each other, except Count II which was to be consecutive to the others. The trial court did not give any written reasons for the departures. The defendant appealed. The notice of appeal was filed improperly and this court ruled that the matter be treated as a frustrated appeal. The defendant voluntary dismissed the appeal. Then, the appeal was reinstated when this court granted a petition for writ of habeas corpus in Case No. 91-2274.
The state also properly concedes that the trial court erred in sentencing the defendant to a departure sentence without providing written reasons for the departure where the crime was committed prior to July 1, 1988, the effective date of the statute approving the "permitted range" concept. See Smith v. State, 582 So.2d 117 (Fla. 3d DCA 1991). However, since the trial court believed that the one cell departure was allowable as being within the defendant's permitted range, the trial court must be allowed to consider, on remand, whether a departure sentence is appropriate. See State v. Betancourt, 552 So.2d 1107 (Fla. 1989); Smith, 582 So.2d at 117.
Affirmed in part, reversed in part, and remanded with directions.