PER CURIAM.
We affirm appellant’s conviction, but reverse his sentence and remand for resentenc-ing.
Appellant’s offense date was April 13, 1988. His sentencing guidelines scoresheet indicated a recommended sentencing range of twelve to seventeen years. The trial court, however, erroneously relied upon that portion of the scoresheet which reflected a “permitted range” of seven to twenty-two years and sentenced appellant to twenty year’s incarceration and two years probation.
The “permitted range” concept does not apply to offenses committed prior to its effective date of July 1, 1988. Sequoia v. State, 624 So.2d 381 (Fla. 4th DCA 1993), rev. denied, 634 So.2d 626 (Fla.1994); Smith v. State, 582 So.2d 117 (Fla. 3d DCA 1991). Therefore, appellant was incorrectly sentenced. Appellee does not contest this conclusion.
Since the trial court appears to have been unaware that it was imposing a departure sentence, it must be allowed to consider on remand whether a departure sentence is appropriate, and if so, to set out valid reasons for such departure. State v. Betancourt, 552 So.2d 1107 (Fla.1989); Smith, 582 So.2d at 118.
ANSTEAD, GLICKSTEIN and STONE, JJ., concur.