740 So.2d 82 (1999)
Juan Carlos BURGAL, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-0902.
District Court of Appeal of Florida, Third District.
July 14, 1999.
*83 Bennett H. Brummer, Public Defender, Miami, and Sheryl J. Lowenthal, Special Assistant Public Defender, Coral Gables, for appellant.
Robert A. Butterworth, Attorney General, and Mark Rosenblatt, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and COPE and GREEN, JJ.
PER CURIAM.
Juan Carlos Burgal appeals his convictions for attempted first degree murder and armed burglary. We affirm.
First, the prior incidents of domestic violence by defendant-appellant Burgal against the victim were properly admitted into evidence to prove motive, intent, and premeditation. See § 90.404(2), Fla. Stat. (1997); Brown v. State, 611 So.2d 540, 542 (Fla. 3d DCA 1992). There was no unfair prejudice from the introduction of this evidence.
Second, defendant contends that the court should have granted a mistrial when the prosecutor laughed during a part of the defendant's testimony. The trial court took corrective action but declined to grant a mistrial. "Determination of whether substantial justice warrants granting a mistrial is within the discretion of the trial judge," Sireci v. State, 587 So.2d 450, 452 (Fla.1991) (citations omitted), and we find no abuse of that discretion here.
Third, removal of the sleeping juror and substitution of the alternate was within the discretion of the trial court. See Orosz v. State, 389 So.2d 1199, 1200 (Fla. 1st DCA 1980). "Even if the court were wrong, the error was harmless. The juror was replaced by a duly selected alternate who had been present during the entire proceedings and appellant has not *84 shown that he was prejudiced by the substitution." Id. (citing State v. Tresvant, 359 So.2d 524 (Fla. 3d DCA 1978)).
Fourth, the trial court imposed an upward departure sentence based on the statutory reason that "[t]he offense was one of violence and was committed in a manner that was specially heinous, atrocious, or cruel." § 921.0016(3)(b), Fla. Stat. (1995).[1] Writing in the analogous context of the capital punishment statute, the Florida Supreme Court "has consistently upheld findings of heinous, atrocious, or cruel where the victim was repeatedly stabbed." Finney v. State, 660 So.2d 674, 685 (Fla. 1995) (citations omitted). Defendant also suggests that the split sentence in this case is illegal, but the sentence imposed fits within the alternatives outlined in Poore v. State, 531 So.2d 161, 164 (Fla. 1988), and we perceive no illegality.
Affirmed.
NOTES
[1] The date of the crime was September 22, 1996.