KLEIN, J.
After the state rested its case of aggravated assault and aggravated battery, a juror revealed to the court that he had recently read an article about the fallibility of eye witness identification testimony and that he would be “biased against an eye witness” who was testifying as to identification of a person. The trial court replaced the juror with an alternate over appellant’s objection, and appellant argues that his conviction violates double jeopardy. We affirm.
The incident involving the juror began with statements made by the juror to a deputy who relayed them to the court. Outside the presence of the rest of the jury the court asked the juror to repeat what he had said to the deputy, and he responded:
When I realized what the defendant is, seemed to be facing a charge on, I recall an article I had read in the newspaper about a month or six weeks ago, something like that, about the accuracy of eye witness testimony as to identifying this person. There were several examples given in the article, including some from law school, they said that somebody had staged an incident, somebody had staged an incident in a law school class, where, and then asked the students in the class what happened and who did what, and there were about half a dozen different versions of that. And basically saying that eye witness testimony, the way it is *281 these days and the U.S. justice system pretty much stinks.
And it was a very convincing article, and I would have to, I think I’m probably gonna be biased on that, from that article about eye witness testimony and identifying a person.
The trial court asked, “When you say biased,” and the juror continued,
Biased against, biased against an eye witness saying that yes, that is who I saw.
The trial court inquired, “Okay. And you’re saying that you would be biased in this case based upon that article that you read?” The juror answered,
Yes.... I’m sorry that I didn’t realize, think about this before.
The state then asked the trial court to replace this juror with the alternate, pointing out that on voir dire neither side had questioned the jurors about eye witness identification. Appellant objected, but the court, after concluding that this juror would be “biased in favor of the defense,” discharged him.
Rule 3.280(a) provides:
Alternate jurors, in the order in which they are impaneled, shall replace jurors who, prior to the time the jury retires to consider its verdict, become unable or disqualified to perform their duties.
Appellant, and the dissent, argue that this juror did not become disqualified, because he was not truly biased. He was merely bringing his life experience with him. Reasonable doubts, however, as to a juror’s impartiality, should be resolved in favor of excusing the juror. Singer v. State, 109 So.2d 7, 23-24 (Fla.1959); Moore v. State, 525 So.2d 870, 872 (Fla. 1988). Bias need not be demonstrated with “unmistakable clarity.” Hertz v. State, 803 So.2d 629, 638 (Fla.2001)(quoting Wainwright v. Witt, 469 U.S. 412, 424, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985)).
Whether a juror should be excused for bias is a mixed question of law and fact reviewed for abuse of discretion. Piccott v. State, 116 So.2d 626, 627 (Fla.1960), cert. denied, 364 U.S. 293, 81 S.Ct. 106, 5 L.Ed.2d 83 (1960). Considering that the state, like the defendant, is entitled to an impartial jury, Lebron v. State, 799 So.2d 997 (Fla.2001), we find no abuse of discretion in replacing the juror.
Even if we agreed with the appellant and the dissent that the court erred in excusing this juror, the error is harmless because the juror was replaced with an alternate who was acceptable to the defendant. In Porter v. State, 388 So.2d 18, 19 (Fla. 4th DCA 1980), a juror, during trial, informed the court that she recognized a witness from school but did not know his name. Even though she could have fairly judged his testimony, the court replaced her with an alternate over the defendant’s objection. In affirming, we said:
While the parties are entitled to have qualified jurors serve, they are not entitled to any particular juror. Piccott v. State, 116 So.2d 626 (Fla.1960), cert. denied, 364 U.S. 293, 81 S.Ct. 106, 5 L.Ed.2d 83 (1960). Since an alternate juror was present to whom appellant had not objected, the trial court did not err in exercising its discretion in removing juror number one.
See also Orosz v. State, 389 So.2d 1199, 1200 (Fla. 1st DCA 1980) and Burgal v. State, 740 So.2d 82, 83 (Fla. 3d DCA 1999).
Appellant apparently recognizes that the replacement of the juror with an alternate would not be the type of error which would entitle him to a new trial, because the only relief he seeks is a discharge based on double jeopardy. Appellant argues that he had a “valued right” *282 for his trial to be completed by a particular tribunal, Wade v. Hunter, 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed. 974 (1949); however, that principle only precludes a second trial based on principles of double jeopardy. Neither the appellant nor the dissent cite any authority holding that double jeopardy can occur because of the replacement of a juror with an alternate, where the defendant is subjected to only one trial. Even where a mistrial is declared because of a juror’s bias discovered during a trial, the defendant’s right to have his trial completed by a particular tribunal may be subordinated to the public’s interest in a fair trial. Wade, 336 U.S. at 689, 69 S.Ct. 834; Richardson v. United States, 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984); Torres v. State, 808 So.2d 234 (Fla. 2d DCA 2001).
Affirmed.
MAY, J., concurs.
FARMER, J., dissents with opinion.