PER CURIAM.
Appellant, Eluterio Ortiz, appeals his conviction on the charge of attempted first degree murder, raising two points on appeal. We affirm as to both issues raised.
In his first issue, appellant argues that the trial court abused its discretion in substituting an alternate juror for a juror selected to serve on the panel who had been sleeping during the proceedings.
The trial court has broad discretion with regard to the course of the trial and the conduct of the jurors. See Orosz v. State, 389 So.2d 1199, 1200 (Fla. 1st DCA 1980). Accordingly, whether to remove a sleeping juror and substitute him or her with an alternate is within the discretion of the trial court. Id.; accord Bullis v. State, 734 So.2d 463 (Fla. 5th DCA 1999). In Orosz, the First District concluded that any error in removing a sleeping juror was harmless because the juror “was replaced by a duly selected alternate who had been present during the entire proceedings and appellant has not shown that he was prejudiced by the substitution.” 389 So.2d at 1200; see also Burgal v. State, 740 So.2d 82, 83-84 (Fla. 3d DCA 1999). With almost identical facts in this case, we follow Orosz.
We also affirm the second issue raised by appellant, the constitutionality of the Criminal Punishment Code. See Hall v. State, 823 So.2d 757 (Fla.2002).
AFFIRMED.
WARNER, SHAHOOD and TAYLOR, JJ., concur.