# Third District Court of Appeal

## State of Florida

Opinion filed February 20, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-84
Lower Tribunal No. 17-83
_____


**Ceasar Gonzalez,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Richard Hersch, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Kayla H. McNab, Assistant Attorney General, for appellee.

Before FERNANDEZ, LINDSEY, and MILLER, JJ.

MILLER, J.

Ceasar Gonzalez appeals his convictions, following a jury trial, for attempted aggravated battery and battery, as lesser-included offenses of attempted second-degree murder and domestic battery by strangulation. We affirm.

First, Gonzalez asserts that the trial court erred by admitting into evidence a prior act of domestic violence involving the same victim. We find the prior act was properly admitted into evidence to prove motive, intent, or absence of mistake or accident, and the trial court provided a limiting instruction and restricted the scope of inquiry into the prior act to prevent unfair prejudice. Burgal v. State, 740 So. 2d 82, 83 (Fla. 3d DCA 1999) ("[T]he prior incidents of domestic violence by [defendant] against the victim were properly admitted into evidence to prove motive, intent, and premeditation."); see §§ 90.404(2) and 90.403, Fla. Stat. (2018).

Second, Gonzalez contends that his dual convictions for attempted aggravated battery and battery violate double jeopardy principles. As both convictions require "proof of a different element," and the two convictions are based on separate acts, we find no double jeopardy violation. Blockburger v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932); see also Pizzo v. State, 945 So. 2d 1203, 1206 (Fla. 2006) ("A defendant is placed in double jeopardy where based upon the same conduct the defendant is convicted of two offenses, each of which does not require proof of a different element."); § 775.021(4), Fla. Stat. (2018) (codifying the Blockburger elements test where the Legislature does not clearly provide for separate punishments); Khianthalat v. State, 974 So. 2d 359, 361 (Fla. 2008) ("The

elements of simple battery are: (1) actually and intentionally touching or striking another person; and (2) against the will of the other person."), <u>citing</u> § 784.03(1)(a)(1), Fla. Stat.; <u>Washington v. State</u>, 912 So. 2d 344, 346 (Fla. 3d DCA 2005) ("[A]ttempted aggravated battery is committed when a person commits an attempted battery and *either* intends to cause great bodily harm *or* uses a deadly weapon."), <u>citing</u> § 784.045 Fla. Stat. and <u>State v. Carswell</u>, 914 So. 2d 9 (Fla. 4th DCA 2005).

Accordingly, we affirm the convictions and sentence.

Affirmed.