# Third District Court of Appeal
## State of Florida

Opinion filed August 28, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0115
Lower Tribunal No. F13-18171

_____


**Sean Barnes,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Miguel M. de la O, Judge.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.


Before LOGUE, C.J., and SCALES, and LOBREE, JJ.

LOGUE, C.J.

Sean Barnes appeals his convictions, following a jury trial, for

attempted second-degree murder with a firearm, aggravated battery, and

shooting or throwing a deadly missile. He raises a single issue on appeal, asserting the trial court erred by admitting into evidence a prior uncharged sexual assault involving the same victim.

We hold the trial court did not abuse its discretion in admitting this collateral crimes evidence because it was necessary to establish the entire context from which the charged crimes arose and to adequately describe the events leading up to the charged crimes, as well as to explain Barnes' motive for shooting the victim. See Dennis v. State, 817 So. 2d 741, 761-62 (Fla. 2002) (holding prior incidents of stalking, threatening, and assault by the defendant against the victim were relevant to establish defendant's motive in prosecution for first-degree murder); Simmons v. State, 790 So. 2d 1177, 1180 (Fla. 3d DCA 2001) (holding collateral evidence of defendant's prior violent acts against victim were relevant and admissible to establish defendant's intent to commit charged crimes of aggravated battery and aggravated assault against victim); Burgal v. State, 740 So. 2d 82, 83 (Fla. 3d DCA 1999) (holding prior incidents of domestic violence by the defendant against the victim were properly admitted to prove motive, intent, and premeditation in prosecution for attempted first-degree murder); Brown v. State, 611 So. 2d 540, 542 (Fla. 3d DCA 1992) (holding that evidence that the defendant had a rocky relationship with the victim and had threatened to

kill her if he caught her with another man was relevant to establish motive in a prosecution for battery and attempted second-degree murder).

Furthermore, the trial court provided a limiting instruction and restricted the scope of inquiry into the prior act to prevent unfair prejudice. <u>See</u> <u>Gonzalez v. State</u>, 271 So. 3d 80, 81 (Fla. 3d DCA 2019). Accordingly, we affirm the convictions and sentence.

Affirmed.