Pavlikowski *v.* Ehrhardt et al., Appellants.

Argued March 7, 1960. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (GUNTHER, J., absent).

*Myron A. Pinkus,* with him *Jack Rubenfeld,* for appellants.

*David J. Reedy,* with him *Van Deusen, Van Deusen & Reedy,* for appellees.

OPINION BY WATKINS, J., June 15, 1960:

This is an appeal from the judgment of the Court of Common Pleas of Lackawanna County decreeing the partition of real estate in that county.

William Swartz, Sr. died testate on July 10, 1951, and by his last will and testament devised his real estate to his children, as follows: "Third: I give and devise my real estate consisting of a house and lot, known as and located at 128 S. Cameron Ave., in the City of Scranton, Pennsylvania, to my two daughters, Anna Swartz and Margaret Swartz, and to my son, Alex Swartz, in equal shares, subject nevertheless to the express understanding that said real estate shall not be sold except by mutual agreement of said three children."

The question raised by this appeal is whether the condition contained in this devise is a qualified restriction not void as a restraint of alienation. The appellants contend that the condition discloses the dominant intent of the testator to preserve the family residence for the children until they mutually agree to sell, so that the judgment of partition should be set aside. The appellees contend that the clause indicates the testator's dominant intent to devise a fee simple estate to his children and that the subsequent condition is a restraint to alienation and, therefore, void. The court below agreed with this contention and entered judgment in partition.

Mr. Justice DREW made a very interesting review of restraints on alienation in *Byrne's Estate*, 320 Pa. 513, 181 A. 500 (1935), and said at page 522, "The effort always is to determine the intention of the testator, and, unless public policy forbids it, to enforce that intention, so that in death his property may be faithfully disposed of according to his will. Courts have this duty in the last analysis, and cases, even in the

same jurisdiction, which seem to be, on the one hand, completely parallel, or, on the other hand, in irreconcilable conflict, are really not so because in each instance the result reached is founded upon the court's decision, in view of all the circumstances, as to what the testator intended. As was said by Chief Justice MARSHALL in Smith v. Bell, 31 U. S. 68, at page 80, quoting from 3 Wils. 141, 'Cases on wills may guide us to general rules of construction; but, unless a case cited be in every respect directly in point, and agree in every circumstance, it will have little or no weight with the court, who always look upon the intention of the testator as the polar star to direct them in the construction of wills.' "

And we said in *Tombs Estate*, 155 Pa. Superior Ct. 605, 609, 39 A. 2d 367 (1944), "Each will is in a sense unique, for the circumstances surrounding each individual testator are themselves unique, and as a consequence the precedent of previously decided cases is often helpful but many times is not controlling . . . The ultimate objective is to arrive at the intent of the testator as expressed within the four corners of the will, and when ascertained this intention will be carried into effect insofar as it is not in conflict with positive rules of law."

The rule of law with which such conflict must be avoided is that a devise of a fee simple estate cannot be limited or fettered by restriction on sale or alienation. *Stineman v. Stineman*, 382 Pa. 153, 114 A. 2d 137 (1955). Our courts have upheld reasonable conditions contained in a devise of real estate restricting the right of alienation, where the dominant intent of the testator was something other than the mere granting of a fee. In *Tombs Estate*, supra, this Court found the dominant intent of the testator to be to provide his children with a common place of abode as long as the

activities and temperaments of the devisees made practicable the maintenance of family solidarity. While in *Stineman v. Stineman*, supra, the Supreme Court held that where the dominant purpose of the testator was to give to his named children a fee simple estate and his subordinate purpose was to limit or prohibit the sale of coal and fire clay contained in the real estate, unless all of his children and their heirs approved, such limitation was invalid as flying into the face of the positive rule of law.

We agree with Judge ROBINSON of the court below that this case is controlled by *Stineman v. Stineman*, supra, and with his reasoning that, "While it is true that a testator in certain circumstances may prohibit or postpone partition of the land devised until the happening of an event or until the plan of the will has been accomplished, it is equally true that the will must contain more than the mere devise with an admonition that the land shall not be sold without the mutual consent of the devisees. Otherwise, the provision is inoperative to prevent partition as a restraint upon the alienation of land. In the Tombs case the court found not only that the testator intended to invest his children with interests in his real estate but that he also intended to provide them with a common abode and that two dwellings were to be disposed of concurrently as a unit sale. Here the plan of the will could not be fulfilled if the property was partitioned. But there are no such elements present in the will at bar and the Tombs case is inapposite to govern this proceeding."

No such dominant intent, as present in the *Tombs* case, appears in this case. On the contrary there is a clear devise of a fee simple estate and the bald attempt to strip that estate of the right of alienation unless unanimously consented to by all the children.

There was only one home involved in this case and as there are married children involved, the probable discord of having more than one family occupy it is apparent. In this case, were the condition upheld, any one of the children could deny all the others the fruits of their devise for whatever reason, no matter how unreasonable and no matter for what period of time. The dominant intent of the testator here appears to be to grant a fee simple estate, which estate cannot be fettered by restriction on sale or alienation. *Pattin v. Scott,* 270 Pa. 49, 112 A. 911 (1921); *Stineman v. Stineman,* supra.

Judgment affirmed.

---

DISSENTING OPINION BY MONTGOMERY, J.:

I dissent from the majority in this case because it is clear to me that the testator intended to preserve his home for his three children until such time as they might mutually agree to sell it. At the time the will was drawn and at the time of testator's death, he and his three children lived together. The son was married but the two daughters were unmarried. The son sold his interest to plaintiffs-appellees, who now, as persons outside the family group, seek to accomplish the ejectment of the two daughters from their family home by means of this partition proceeding. Legally and equitably this should not be permitted.

The law is clearly stated in the majority opinion. It is the intention of the testator that governs. This is not a commercial matter as in *Stineman v. Stineman* (cited in the majority opinion), where the sale of coal and fire clay was involved. This is the preservation of a home for testator's three children until the last of them should agree to abandon it. In my opinion, the will clearly expresses this intention; but if there is any

doubt, an examination of the situation of the parties at the time that the will was made may be considered. *Jackson's Estate,* 337 Pa. 561, 12 A. 2d 338. ". . . the intention of a devisor is the polar star in the construction of wills and that in searching for intention, a will is to be superimposed upon the panorama of actuality existing at the time of the will's execution." *Ackerman's Estate,* 395 Pa. 179, 149 A. 2d 462.