150

## Weslowski v. Bonaddio

*Frank J. DeSanto*, for plaintiff.

*Irving L. Epstein*, for defendant.

HOBAN, P.J., March 12, 1965.—Ann Weslowski, plaintiff, and Lucille Bonaddio, defendant, are the owners in fee as tenants in common of the subject property which had been devised to them by the will of their father. Subsequent to the death of the father, Ann Weslowski, Lucille Bonaddio and their respective spouses, conveyed a life interest in a portion of the basement of the property, the conveyance of the life estate being evidenced by an agreement filed of record in the office for the recording of deeds in this county, January 6, 1964, in deed book 602, page 516. By appropriate proceedings, Robert Bevilacqua was permitted to intervene to protect his interest as a life tenant. At pretrial conference testator's will was offered and received in evidence, all other facts were stipulated and the parties agreed that the sole question at issue at this stage of the proceedings is whether or not partition may be decreed. The case was thereupon submitted to the pretrial conference judge for decision.

The subject property is a two story and basement building at No. 1210 Swetland Street, in the City of Scranton, which contains separate apartments on the first floor and second floor thereof and the basement containing certain service facilities connected to the apartments as well as a shop area formerly used by testator, which area, under the grant of a life tenancy, has been taken over by Robert Bevilacqua for his use as a shop and dwelling quarters. Vincenzo Bevilacqua, father of plaintiff and defendant, died on May 6, 1961, testate. By his will he devised the subject property to his daughters, Lucille Bonaddio and Ann Weslowski, "As tenants in common, share and share alike; to have and to hold said real estate and personal property hereby given and devised, to the said devisees and legatees, their heirs and assigns forever, subject nevertheless, to the following conditions and restrictions:

"(a) Lucille Bonaddio shall have the exclusive use, possession, and control of the first floor apartment of said building, and one-half of the basement thereunder, and the curtillage thereof.

"(b) Ann Weslowski shall have the exclusive use, possession and control of the second floor apartment of said building, with the proportionate use of the basement thereunder, and of the curtillage thereof."

Plaintiff contends that the "conditions and restrictions" above recited cannot operate as a restraint on alienation, or as a restriction against partition, while defendant relying upon the decision in Tombs Estate, 155 Pa. Superior Ct. 605, contends that these restrictions amount to a postponment of the right to partition until such time as the parties by mutual agreement, decide to end the mutual tenancy.

It is to be noted that there is no such series of conditions as the will in Tombs Estate, supra, imposed, to wit: That the dominant intent of the testator was to

provide for a common home for his children until a majority of them agreed upon disposition as a unit sale. The only intent of the testator which can be devised from the plain words of the Bevilacqua will is that so long as these two daughters remained as tenants in common and decided to live on the premises that each should have the exclusive use and control of separate living quarters and a portion of the basement, but there is absolutely no prohibition as to the sale by either of their respective interests. Note the distinction made by the Superior Court in a later case, Pavlikowski v. Ehrhardt, 192 Pa. Superior Ct. 373, of the decision in Tombs Estate, supra. As did the Superior Court in that case, we believe that this case is governed by Stineman v. Stineman, 382 Pa. 153. The rule of law with which such conflict must be avoided is that a fee simple estate "cannot be limited or fettered by restriction on sale or alienation." The prohibition or involuntary postponement of partition of real estate held by tenants in common in fee simple would certainly be a restriction on alienation. We hold, therefore, that the subject real estate is subject to partition.

We, therefore, must consider the effect of the life interest held by Robert Bevilacqua, bearing in mind this life interest was created for Robert Bevilacqua by the free act of plaintiff and defendant therein. Pennsylvania Rule of Civil Procedure 1564, provides, inter alia, "Property subject to a life estate may be partitioned . . . If a life tenant is entitled to *exclusive possession of any part* of the premises subject to partition, the court may deny partition of that part or may direct partition subject to such exclusive right of possession." (Italics supplied.) It is obvious that if partition is to be decreed the property cannot be divided into purparts, and if the entire property is to be partitioned it could not be done without including the premises held by the life tenant. The only alternative

there is would be to permit partition subject to the exclusive right of possession of the life tenant to the premises conveyed to him by plaintiff and defendant. From a practical standpoint it would appear obvious that upon partition, if decreed, unless plaintiff or defendant purchased the property at its appraised value or upon competitive bidding at private sale, the chances of a public sale to a stranger would be practically nil unless at the same time the purchaser could buy out the interest of Robert Bevilacqua. But it is likewise apparent that if the two life tenants cannot agree to live in amity under the arrangement suggested by the will, the property may be subject to deterioration and be the source of continued conflict as to the payment of taxes, other charges and maintenance costs. We are, therefore, of the opinion, that the only solution to this difficulty is to decree partition subject to the exclusive right of possession of Robert Bevilacqua on the portion of the premises conveyed to him by plaintiff and defendant in 1964 for the duration of his life.

Now, March 12, 1965, partition of the premises at 1210 Swetland Street in the City of Scranton as described in detail in paragraph I of the complaint is hereby directed.

The names of the cotenants and the nature and extent of their interests are as follows:

Ann Weslowski, tenant in common, one-half interest.

Lucille Bonaddio, tenant in common, one-half interest.

The foregoing interests subject, nevertheless, to the right of exclusive possession of Robert Bevilacqua for the rest of his natural life of that portion of the basement of the said premises granted to him by agreement dated November 30, 1963, and recorded in the office of the Recorder of Deeds of Lackawanna County, January 6, 1964, Deed Book 602, page 516.

In accordance with Pa. R. C. P. 1558, the parties hereto or their attorneys shall appear for a preliminary conference to consider the matters provided by said rule on Friday, March 26, 1965, at 11 a.m. in Court Room no. 1, Lackawanna County Court House.