789 So.2d 1130 (2001)
CITY OF HOLLYWOOD, Florida, Appellant,
v.
Richard H. WITT, Appellee.
Nos. 4D00-1218, 4D00-1720.
District Court of Appeal of Florida, Fourth District.
June 27, 2001.
Rehearing Denied August 13, 2001.
*1131 Daniel L. Abbott, City Attorney and Julie M. Vogel, Chief Litigation Counsel, Hollywood, for appellant.
Pamela S. Terranova of the Law Offices of Pamela S. Terranova, Fort Lauderdale, for appellee.
KLEIN, J.
After appellee was terminated as police chief of the City of Hollywood, he brought this action for damages against the city, prevailing on claims for breach of contract and violation of the Whistle Blower's Act. We reverse, concluding that the chief cannot recover for breach of contract and that the court erred in excluding evidence relevant to the Whistle Blower claim.
In 1994, while appellee was the police chief, there were investigations involving serious problems in the department's hiring practices. The chief, who knew at that point that he served at the will of the city manager, had discussions with the city manager because of the manager's unhappiness with the department. They discussed the chief's retirement, and ultimately the chief sent a memo in which he offered to resign. After further discussions, the chief sent another memo extending his retirement date eighteen months in the future.
In response to that memo, the manager sent the chief a letter agreeing to the later retirement date, but setting out guidelines the chief would be expected to follow in the future. The manager also sent a letter to the mayor and commissioners informing them that the chief was not retiring as soon as he had expected and that the mayor had established ground rules under which he expected the chief to work until his retirement. About two months later the manager sent the chief a letter terminating the chief's employment, explaining that a change in leadership was in the best interest of the city.
The chief testified that he knew that he served at the will of the city manager until the point that the city manager established the guidelines for his continued employment. He contends, however, that the letter from the city manager establishing the guidelines gave him an employment contract until his new retirement date. This contractual theory conflicts with the city charter, which provides that the chief of police serves "at the pleasure of the city manager and may be terminated at his or her discretion," and that no contract with the city is effective unless signed by the city attorney.
In order for a contract with a city to be valid, it must comply with the city *1132 charter or ordinances. McQuillin, The Law of Municipal Corporations, § 29.02 (3rd Ed. Rev.1999); Palm Beach County Health Care Dist. v. Everglades Mem'l Hosp., Inc., 658 So.2d 577 (Fla. 4th DCA 1995)(agreements entered into by public bodies which fail to comply with statutory requirements are void); Town of Indian River Shores v. Coll, 378 So.2d 53 (Fla. 4th DCA 1979)(refusing to enforce an alleged employment contract offered by the mayor of a municipality, where an ordinance required that contracts had to be authorized by the entire town council). The trial court accordingly erred in permitting this case to proceed on theory of breach of contract.
The remaining claim submitted to the jury was brought under Florida's Whistle-Blower Act, sections 112.3187-112.3189(5), Florida Statutes (1995). The city intended to defend the claim by establishing that it had good reason to terminate the chief. Prior to trial, however, the court granted the chief's motion in limine, prohibiting the city from introducing evidence as to any reason for terminating the chief other than the reason listed in the notice of termination, which was that termination was in the best interests of the city. The trial court was concerned that the city could concoct after-the-fact reasons. At trial the court would not even let the manager explain why the termination was in the best interest of the city.
Section 112.3187(10) provides as follows: Defenses.It shall be an affirmative defense to any action brought pursuant to this section that the adverse action was predicated upon grounds other than, and would have been taken absent, the employee's or person's exercise of rights protected by this section.
In Martin County v. Edenfield, 609 So.2d 27, 29 (Fla.1992), the Florida Supreme Court explained the above statute:
On its face, the statute declares that defendants can raise in defense the fact that the employee or other protected person was subjected to adverse action for some reason other than the act of whistle-blowing itself. Obviously, this can include the fact that the employee was involved in the corruption in question and was subjected to adverse action for that reason, and that reason alone, or from some other neutral and non-pretextual reason.
The trial court's ruling that the city could present no evidence of reasons for terminating the chief is contrary to the statutory provision allowing such defenses. Whether these reasons were justification for the termination were for the jury to determine. We therefore reverse for a new trial limited to the Whistle Blower claim in which the city will be able to put on evidence as to its reasons for terminating the chief.
STONE and HAZOURI, JJ., concur.