931 So.2d 245 (2006)
Janice VINSON, Bobby Vinson, Ellexzena Wilder and Beverly Vinson, Appellants,
v.
Martha JOHNSON, Jacqueline Davis, Yvonne Hughes, Maggie Vinson and Martin C. Vinson, Appellees.
No. 1D04-2163.
District Court of Appeal of Florida, First District.
June 16, 2006.
*246 David Jon Russ, Gainesville, for Appellants.
Ronald D. Surrency, Gainesville, for Appellees.
PADOVANO, J.
This is an appeal from a final judgment for the plaintiffs on a complaint to partition or force the sale of real property. The defendants contend that the judgment must be reversed, because ownership of the property was transferred by a will containing a clause that prohibits partition or sale except by the consent of all of the owners. We conclude that this clause is invalid as an unlawful restraint on the alienation of real property. Because the restrictive clause at issue is unenforceable, the property was subject to partition. For these reasons, we affirm.
*247 Hardy Vinson, Sr., executed a will leaving his 34-acre farm and home in Alachua County to his nine living children as tenants in common. The will provided in pertinent part:
The "Vinson Estate" shall not be subject to partition or forced sale by any heir, but shall only be sold upon agreement of all heirs. Taxes and ownership expenses shall be shared equally among the children. Any heir that pays more than his or her share shall be entitled to contribution from the nonpaying heirs upon sale of the property.
Mr. Vinson died, and ownership of the real property was transferred to his children according to the devise he had made in his will. Subsequently, a dispute arose between the children, and five of them filed a suit for partition or forced sale naming the other four as defendants.
The controversy between the parties at trial focused on the meaning of the term "heirs" in the clause prohibiting partition or forced sale. The defendants argued that the term referred only to the devisees named in the will, and that it was not unreasonable to prohibit a forced sale of the property during their lifetimes. In contrast, the plaintiffs argued that the term "heirs" refers to all of the testator's lineal descendants, so that the clause at issue could interfere with the right to sell or dispose of an individual interest in the property indefinitely, so long as any living descendant withheld his or her consent.
The trial court ruled in favor of the plaintiffs, and on April 14, 2004, the court entered a final judgment directing that the property be partitioned. The court concluded that the prohibition against partition or forced sale was "unenforceable because it is non-specific and its attempted prohibition applies to future persons beyond the nine named heirs." The defendants filed a timely appeal to this court to seek review of the judgment.
A trial court decision on a point of law is subject to review on appeal by the de novo standard of review. See State v. Otte, 887 So.2d 1186 (Fla.2004); State v. Glatzmayer, 789 So.2d 297, 302 n. 7 (Fla. 2001) (stating that "[i]f the ruling consists of a pure question of law, the ruling is subject to de novo review"). Whether the clause in the will prohibiting partition or sale is an unlawful restraint on alienation of real property is a question of law. Consequently we review the decision of the trial court on this point by the de novo standard.
The trial court concluded that the term "heirs" refers to all of the testator's lineal descendants, including those who will inherit part of the property in place of the testator's children, but we need not determine whether that interpretation is correct. In our view, the prohibition against partition and sale is an unlawful restraint on alienation even if it applies only to the nine children who were living at the time of the testator's death. The will grants each of the children an undivided fee simple interest in real property, yet the prohibition at issue would deprive them of the normal incidents of property ownership, including the right to sell or dispose of the property during their entire lifetimes. The prohibition against partition cannot stand because it is inconsistent with the devise made in the will.
It is correct, as the defendants argue, that the court must construe a will in a way that carries out the intent of the testator. See Adams v. Vidal, 60 So.2d 545 (Fla.1952); In re Lesher's Estate, 365 So.2d 815 (Fla. 1st DCA 1979). But this principle assumes that the action the testator intended to take with respect to his or her property is lawful. A devise made in violation of the legal requirements for conveying *248 real property is not transformed into a valid devise merely because it was clearly expressed.
When real property is conveyed in fee simple, the grantee or devisee acquires a right to sell or dispose of the property as an incident to the right of ownership. The right of alienation is said to be an inherent and inseparable quality of the estate. See 61 AM.JUR.2D Perpetuities, Etc. § 102 (2002); 3 THOMPSON REAL PROPERTY § 29.03(b), at 707 (2001). An absolute restraint on alienation is inconsistent with the right of ownership and is therefore invalid. See generally Iglehart v. Phillips, 383 So.2d 610 (Fla.1980) (surveying the case law pertaining to restraints on alienation).
The rule against restraints on alienation applies to restrictions on partition of real property, as well as restrictions on sale. The right to seek partition of property owned jointly in a tenancy in common is an incident to the right of individual ownership. See Richard R. Powell, THE LAW OF REAL PROPERTY, § 77 ¶ 846 (1991). While there appears to be no precedent in Florida for the precise issue presented in this case, other states have held that prohibitions against partition or forced sale of property devised in a will are unlawful restraints on alienation.
The case of Pavlikowski v. Ehrhardt, 192 Pa.Super. 373, 161 A.2d 652 (1960) is a good example. There, the testator devised real property to his three children in equal shares on the condition that the property could not be sold except by the agreement of all of the children. Two of the children sought partition in the trial court and prevailed. The judgment of partition was upheld on the ground that the requirement of mutual assent to a sale of the property was an unlawful restraint on alienation of the property.
The court in Ehrhardt recognized that a testator may restrict or postpone the right of partition for a limited time when necessary to accomplish the plan of the will. Such a restriction might be upheld if it merely keeps the property intact for a limited time, for example, until the youngest of the children reaches the age of majority. But to prohibit the sale of property during the entire lifetime of each of the children is inconsistent with the devise itself. As the court explained "there [was] a clear devise of a fee simple estate and the bald attempt to strip that estate of the right of alienation unless unanimously consented to by all the children." Ehrhardt, 161 A.2d at 654.
A similar provision in a will was invalidated in Mills v. Blakelin, 307 Mass. 542, 30 N.E.2d 873 (1941). In that case, the testator devised real property to her three children with a provision that the property could not be sold or partitioned without the consent of at least two of the children. The court held that this restriction was an unlawful restraint on alienation. In support of this conclusion, the court stated that the right of ownership in property devised to the three children by the terms of the will cannot be "cut down by subsequent provisions repugnant to or inconsistent with their devises." Mills, 30 N.E.2d at 875.
The rationale of Ehrhardt and Mills is directly supported in Florida cases arising in other contexts. In Davis v. Geyer, 151 Fla. 362, 9 So.2d 727 (1942), the court invalidated a condition in a deed requiring the grantor's approval for a subsequent sale by the grantee. The court concluded that the condition was inconsistent with the grant of ownership and that it was invalid as a restraint on alienation. The court explained how the prohibition against a restraint on alienation would be applied in a variety of circumstances. Referring *249 to the issue we have here, the court stated that a condition in a will that "land devised to a number of persons shall not be divided or sold during the lifetime of the grantee[s]" is void. Geyer, 9 So.2d at 730.
We recognize that a restriction on the right to partition property might be valid if it were effective only for a limited time. As the court explained in Iglehart, "the rule against unreasonable restraints is principally concerned with the duration of a restraint on the property." 383 So.2d at 614 (emphasis in original). But American courts have generally followed the rule that a restraint on alienation is unreasonable if it exists for the lifetime of the grantee or devisee. See 61 AM.JUR.2D Perpetuities, Etc. § 102 (2002).
It follows that the prohibition against partition in this case is an unlawful restraint on alienation. Assuming the prohibition applies only to the testator's children  the best possible case for the defendants  it nevertheless applies throughout their entire lives. The will grants each of the testator's children an undivided interest in the property, but for some of them, this right is merely an illusion. They cannot all live on the property. Consequently, the prohibition against partition necessarily forces some of them to bear the burdens of property ownership without receiving any of the benefits. To apply a restriction like this throughout the entire life of any one of the testator's children would be inconsistent with the fee simple estate devise to that child by the terms of the will.
The right to partition can be waived by agreement, but there is no evidence of such an agreement here. On this point, the present case is distinguishable from Condrey v. Condrey, 92 So.2d 423 (Fla.1957). There, a man and his wife conveyed an undivided one-half interest in their home to their son and his wife as joint tenants with a right of survivorship. All four lived in the house. The conveyance was not a gift. In return for his interest in the property, the son agreed that he would care for his parents as they got older and that he would not seek partition and forced sale, so that his parents would be able to stay in the house during their lifetimes.
The defendants argue that an agreement not to partition the property is implied in the acceptance of the property. However, that argument goes well beyond the point made in Condrey. It is one thing to say that the right to partition can be given up in return for consideration as a matter of contract law, but it is quite another to say that the right can be taken away merely by accepting a gift. The plaintiffs in this case have done nothing to waive the right to partition the property devised to them in their father's will.
In summary, we conclude that the provision in the will that the estate "shall not be subject to partition or forced sale by any heir, but shall only be sold upon agreement of all heirs" constitutes an unlawful restraint on alienation of real property. Because the undivided interest in property devised to each of the testator's children is subject to partition, the trial court was correct in granting relief to the plaintiffs.
Affirmed.
BARFIELD and DAVIS, JJ., concur.