939 So.2d 315 (2006)
CITY OF HOLLYWOOD, Appellant,
v.
RICHARD H. WITT, Appellee.
No. 4D05-3041.
District Court of Appeal of Florida, Fourth District.
October 18, 2006.
Daniel L. Abbott, City Attorney, and Robert M. Oldershaw, Chief Litigation Counsel, Hollywood, for appellant.
Pamela S. Terranova of the Law Offices of Pamela S. Terranova, Fort Lauderdale, for appellee.
STEVENSON, C.J.
Following his termination as Chief of Police, Richard H. Witt filed suit against the City of Hollywood (the "City"). This appeal arises from the second trial in this case and, as in the first trial, the jury found in favor of Witt. The City has again appealed the verdict in favor of Witt and Witt has cross-appealed his prevailing party attorney's fees award. The issues raised center largely around the law of the case doctrine. We find merit in the City's claim that the trial court erred in relying upon the law of the case to remove issues from the jury's consideration in the second trial. Accordingly, we reverse the judgment in favor of Witt and, consequently, Witt's prevailing party attorney's fees award, remanding the matter for a new trial.

The Appeal
This case was first tried in March of 2000. At that time, Witt had proceeded to trial on two counts. Count I alleged wrongful termination in violation of an employment contract and count II a violation of Florida's "Whistle-blower's Act." The Whistle-blower's Act bars a government employer from dismissing, disciplining, or taking an "adverse personnel action" against an employee who disclosed violations or suspected violations of laws or regulations or acts or suspected acts of "gross mismanagement, malfeasance, misfeasance, gross waste of public funds, or gross neglect of duty." See § 112.3187(4)-(5), Fla. Stat. (2005). The protections of the statute are afforded those employees "who disclose information on their own initiative in a written and signed complaint." See § 112.3187(7), Fla. Stat. The City argued Witt was not entitled to the protections of the statute because Witt failed to satisfy subsection (7) of the statute, which it labeled the "notice" requirement. The trial ended in a verdict in favor of Witt. With regard to the whistle-blower claim, the verdict form simply asked whether the City violated the statute when it terminated Witt. The City appealed.
On appeal, the City raised four issues: (1) whether the trial court erred in failing to direct a verdict in favor of the City with respect to the breach of contract claim; (2) whether the trial court erred in refusing to allow the City to present evidence concerning its reasons for terminating Witt; (3) whether the trial court erred in failing to direct a verdict in favor of the City on the whistle-blower claim as a consequence of Witt's failure to comply with section 112.3187(7)'s "notice" requirement; and (4) whether the trial court erred in applying a multiplier in awarding fees to Witt. This court reversed the verdict in favor of Witt. The panel concluded the verdict on the breach of contract claim could not stand as there was no enforceable contract because the alleged agreement had not been executed in compliance with the city charter. See City of Hollywood v. Witt, 789 So. 2d 1130, 1132 (Fla. 4th DCA 2001). The verdict on the whistle-blower claim could not stand because the existence of reasons for termination, apart from any alleged whistle-blowing, constitutes a defense that is expressly recognized by the whistle-blower act. The City was not allowed to present any such evidence with regard to Witt. The panel "reverse[d] for a new trial limited to the Whistle Blower claim in which the city will be able to put on evidence as to its reasons for terminating the chief." Id. The "notice" issue was not addressed in the opinion.
In January 2005, the whistle-blower claim was retried. At the outset, Witt's counsel contended this court's prior opinion and the law of the case doctrine precluded the retrial of any issue except whether the City had cause for terminating Witt apart from his alleged whistle-blower activities; the trial court agreed. The jury was thus instructed that section 112.3187(7)'s "notice" requirement had already been resolved favorably to Witt. The City now complains of the trial court's refusal to allow it to present evidence, argument, and jury instructions directed to whether Witt's action satisfied the whistle-blower statute's "notice" requirement. The City's argument raises issues concerning the breadth of the law of the case doctrine and the scope of the issues to be tried following an appellate court's reversal and remand for a new trial. These are questions of law and thus subject to de novo review. See Vinson v. Johnson, 931 So. 2d 245, 247 (Fla. 1st DCA 2006).
The law of the case doctrine is a principle of judicial estoppel serving to preclude the re-litigation of matters within the confines of the same case. See Fla. Dep't of Transp. v. Juliano, 801 So. 2d 101 (Fla. 2001).
The doctrine . . . requires that questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings. Under the law of the case doctrine, a trial court is bound to follow prior rulings of the appellate court as long as the facts on which such decision are based continue to be the facts of the case. . . .
As to the scope of the law of the case doctrine, this Court in U.S. Concrete [Pipe Co. v. Bould, 437 So. 2d 1061, 1063 (Fla. 1983)], explained that the doctrine is "limited to rulings on questions of law actually presented and considered on a former appeal." (Emphasis supplied). . . . Additionally, the law of the case doctrine may foreclose subsequent consideration of issues implicitly addressed or necessarily considered by the appellate court's decision.
Id. at 105-06 (citations omitted). The law of the case doctrine does not bar the consideration of issues neither raised by the parties nor implicitly and necessarily considered in the prior appeal. Id. at 107.
Applying these principles to the case at bar, we find that the prior appeal served to establish two things: (1) that grounds for termination apart from the whistle-blowing activities constitute a defense to a whistle-blower claim and thus the trial court erred in refusing to allow the City to present evidence of such grounds and (2) that the evidence presented with regard to Witt's provision of the "notice" required under subsection (7) of the whistle-blower statute was sufficient to survive a motion for directed verdict, thus requiring jury resolution of the matter. The prior opinion did not address this latter issue; nonetheless, the issue was necessarily decided adversely to the City in the prior appeal. This is so because if the evidence were not sufficient to survive a motion for directed verdict, then the City would have been entitled to a judgment in its favor apart from the existence of any cause for Witt's termination and this court would not have needed to remand for a new trial. Thus, if the same evidence regarding the "notice" claim were presented at a second trial, the law of the case doctrine would preclude the granting of a directed verdict in favor of the City.
The law of the case doctrine does not, however, serve to limit the scope of the new trial and to preclude the retrying of any aspect of the whistle-blower claim except that of whether the City had reason to terminate Witt apart from his alleged whistle-blower activities. When a judgment is reversed and the matter remanded for a new trial, "[w]hen not expressly so limited by an appellate court, the new trial is to be presumed as awarded on all issues." Pavlis v. Atlas-Imperial Diesel Engine Co., 163 So. 515, 517 (Fla. 1935); see also Kenan v. Black, 7 So. 2d 462 (Fla. 1942). Nothing in this court's prior opinion limited the new trial on the whistle-blower claim to the sole issue of whether the City had reason for terminating Witt. The error in the trial court's refusal to allow the City to litigate the "notice" issue compels reversal without regard to the City's additional appellate claims. Because the case will be retried, however, we note that we find no abuse of discretion in the challenged evidentiary rulings.

The Cross-Appeal
Following the first trial, Witt was awarded prevailing party attorney's fees. Despite this court's reversal of the judgment that made Witt the prevailing party, following the second trial, Witt argued that, as a consequence of the law of the case doctrine, the initial fee award remained undisturbed. This position is simply not consistent with Florida law, which provides that where an award of attorney's fees is dependent upon the judgment obtained, the reversal of the underlying judgment necessitates the reversal of the fee award. See, e.g., Keybank Nat'l Ass'n v. Int'l Fin. Bank, 875 So. 2d 672 (Fla. 3d DCA 2004); Marty v. Bainter, 727 So. 2d 1124 (Fla. 1st DCA 1999); Nathanson v. Houss, 717 So. 2d 114 (Fla. 4th DCA 1998). Further, just as our reversal of the underlying judgment in the initial appeal necessarily implied the reversal of the prevailing party attorney's fee award, our reversal of the underlying judgment in this appeal requires reversal of the fee award. We thus do not reach any argument regarding the propriety of a contingency multiplier.
Reversed and Remanded.
STONE and POLEN, JJ., concur.
Not final until disposition of timely filed motion for rehearing.