985 So.2d 640 (2008)
Scott Alfred STROHM, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-2152.
District Court of Appeal of Florida, Fourth District.
June 25, 2008.
Rehearing Denied July 30, 2008.
*641 Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Katherine Y. McIntire, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, C.J.
Appellant, Scott Alfred Strohm, was charged by amended information with two counts of capital sexual battery against his daughter, T.S. The State nolle prossed count II before trial. The offense in count I was alleged to have occurred between 1990 and 1991.
Prior to trial, the State filed an Amended Notice of Intent to Offer Williams[1] Rule Evidence, seeking to introduce a conviction of lewd or lascivious molestation on April 11, 2005 and a conviction of rape in 1974. A pretrial hearing was held and the Williams Rule witnesses testified. After the hearing, the trial court decided to allow into evidence the testimony of the victim of the 1973 rape, but deny the testimony of the other Williams Rule witnesses.
At trial, T.S., appellant's daughter born in 1983, testified. She testified that between August 1990 and May 1991, appellant sexually abused her on almost a daily basis.
The victim of the 1973 rape testified that in Iowa appellant raped her when she was twelve years old. The victim did not know the appellant.
The jury returned a verdict of guilty as charged on count I capital sexual battery in this case. Appellant raises five issues on appeal, four of which we hold to be without merit and affirm without discussion. As his second issue, which forms the basis of our reversal, appellant urges the trial court abused its discretion in admitting collateral crime evidence in that the 1973 rape was dissimilar and remote in time to the crime for which he was currently on trial. We agree.
In McLean v. State, 934 So.2d 1248 (Fla. 2006), the Florida Supreme Court stated:
To guide the trial courts in deciding whether to admit evidence of prior acts of child molestation when it is offered to corroborate the victim's testimony, we discuss the steps that the trial courts should take.
Id. at 1262. The court further stated:
In assessing whether the probative value of evidence of previous molestations is substantially outweighed by the danger of unfair prejudice, the trial court should evaluate: (1) the similarity of the prior acts to the act charged regarding the location of where the acts occurred, the age and gender of the victims, and the manner in which the acts were committed; (2) the closeness in time of the prior acts to the act charged; (3) the frequency of the prior acts; and (4) the presence or lack of intervening circumstances. This list is not exclusive. The trial courts should also consider other factors unique to the case.
Id.
The 1973 rape for which appellant was convicted in 1974 was on a twelve-year-old who testified that she did not know appellant. The capital sexual battery in this case was on appellant's daughter and occurred between August 1990 and May 1991 when the victim was eight years old.
In addition, there were substantial other dissimilarities in the crimes. In the 1973 *642 rape the victim was vaginally penetrated while the crime in the instant case consisted of another form of sexual abuse.
The 1973 rape was remote in time to the capital sexual battery charge in this case, seventeen years prior. The 1973 rape was a one-time occurrence on a stranger to the appellant. In this case the sexual battery was on appellant's daughter over a several month period. In this case there was no evidence of "the presence or lack of intervening circumstances." McLean, 934 So.2d at 1262.
We conclude that it was error to admit the testimony of the 1973 rape victim. We, accordingly, reverse and remand for a new trial.
Reversed and Remanded For New Trial.
HAZOURI and DAMOORGIAN, JJ., concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.1959).