DAMOORGIAN, J.
Scott Strohm appeals his judgment and sentence after being found guilty of committing capital sexual battery against a minor. We affirm.
By way of background, Strohm was previously tried for the same crime and was found guilty. See Strohm v. State, 985 So.2d 640, 641 (Fla. 4th DCA 2008) (hereinafter “Strohm /”). He appealed, and this Court reversed his conviction and remanded for a new trial because impermissible collateral crimes evidence was admitted at trial. Id. at 642. In addition to the issue relating to the inadmissibility of the collateral crimes evidence, Strohm raised the following four other issues in his first appeal: (1) the denial of his motion for mistrial; (2); the admissibility of child hearsay testimony; (3) the prosecutor’s closing argument; and (4) the denial of his motion to dismiss based on a violation of his constitutional right to speedy trial. With respect to these issues, we held that they were “without merit and affirm[ed] without discussion.” Id. at 641.
In this appeal, Strohm raises several new issues as well as the same issues which we previously held had no merit. We recognize that “[ujnder the law of the case doctrine, a trial court is bound to follow prior rulings of the appellate court as long as the facts on which such decision are based continue to be the facts of the case.” City of Hollywood v. Witt, 939 So.2d 315, 318 (Fla. 4th DCA 2006) (quot- *1183 mg Fla. Dep’t of Transp. v. Juliano, 801 So.2d 101, 106 (Fla.2001)). We now turn to the issues raised from the second trial.
During jury selection, defense counsel objected to the State’s peremptory challenge of a prospective juror (“E.M”) and requested a race-neutral reason for the peremptory strike. The State responded that E.M. indicated that he could make up his mind without hearing both sides of the evidence. In support of its explanation to the trial judge, the State points out on appeal that during defense counsel’s questioning of the venire, E.M. expressed his opinion that he believed children can be influenced by their peers into making a false accusation of abuse, and that children can be influenced by their parents into making these false accusations. The trial judge concluded that the reason for the strike was race-neutral and genuine, and it allowed the State to use its peremptory challenge.
“ ‘[T]he appropriate standard for appellate review for determining the threshold question of whether there is a likelihood of racial discrimination in the use of peremptory challenges is the abuse of discretion standard.’ ” Hoskins v. State, 965 So.2d 1, 7 (Fla.2007) (quoting Files v. State, 618 So.2d 1301, 1304 (Fla.1992)). Appellate courts must follow two guiding principles when reviewing a challenge of peremptory strikes on racial grounds: “(1) peremptory challenges are presumed to be exercised in a nondiscriminatory manner; and (2) the trial judge’s ruling on a peremptory challenge, which turns primarily on an assessment of credibility, will be affirmed on appeal unless it is clearly erroneous.” Cobb v. State, 825 So.2d 1080, 1085-86 (Fla. 4th DCA 2002) (citations omitted).
Strohm argues that the trial court erred in allowing the State’s peremptory challenge of E.M. because “the prosecutor gave no reason for her challenge of [E.M.] other than her protestations of good faith in exercising the challenge....” Strohm’s argument is without merit. After reviewing the record, we hold that the trial court properly ruled that the State provided a genuine race-neutral reason for striking E.M. See Chavers v. State, 827 So.2d 279, 281 (Fla. 4th DCA 2002) (“Reasonable doubts ... as to a juror’s impartiality, should be resolved in favor of excusing the juror.”) (citations omitted).
Strohm next argues that the “trial court reversibly erred in allowing the State to introduce into evidence inadmissible hearsay statements made by the victim and her sister, without making the reliability findings required by section 90.803(23), Florida Statutes (2009).” The State counters that this issue is barred by the law of the case doctrine because the admissibility of these hearsay statements was previously raised in Strohm I, and this Court affirmed the trial court’s ruling admitting the same evidence. The State is correct. In Strohm I, this Court determined that Strohm’s argument against the admissibility of the same child hearsay, which is now at issue, was without merit and affirmed it without discussion. See Strohm I, 985 So.2d at 641; Witt, 939 So.2d at 318.
Strohm also asserts that the trial court erred by admitting the hearsay evidence of the victim’s sister because the probative value of her testimony was outweighed by its prejudicial effect. The trial court admitted the evidence by concluding that the issue regarding its probative value was precluded by the law of the case doctrine. Although this issue was never raised in Strohm I, we nonetheless hold that the trial court reached the correct result, but for the wrong reason. See Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999) (Under the “tipsy coachman” rule, “if a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is *1184 any basis which would support the judgment in the record.”).
In Griffin v. State, 639 So.2d 966 (Fla.1994), the Florida Supreme Court stated:
[EJvidence of uncharged crimes which are inseparable from the crime charged, or evidence which is inextricably intertwined with the crime charged ... is admissible under section 90.402 because “it is a relevant and inseparable part of the act which is in issue.... [I]t is necessary to admit the evidence to adequately describe the deed.”
Id. at 968 (quoting Charles W. Ehrhardt, Florida Evidence § 404.17 (1993 ed.)). Here, the victim’s sister’s testimony was inextricably intertwined with the crimes charged because it explained how the victim’s mother became aware of Strohm’s sexual abuse against the victim. See Dorsett v. State, 944 So.2d 1207, 1213 (Fla. 3d DCA 2006) (“Evidence is inextricably intertwined if the evidence is necessary to ... establish the entire context out of which the charged crime(s) arose ....”) (internal citations and emphasis omitted). Accordingly, we hold that the probative value of the testimony was not outweighed by its prejudicial effect.
Strohm also assigns error to the admission of the testimony of the child protection team nurse who testified “about the common response of child abuse victims” who were about to be examined. Over defense counsel’s relevancy objection, the nurse was allowed to testify that the victim’s behavior was a common response of child abuse victims in a similar setting. In support of his argument, Strohm cites to our holding in Calixte v. State, 941 So.2d 570 (Fla. 4th DCA 2006). In Calixte, a police officer testified about the reliability of eyewitness identification. See id. at 571. This Court held that “[bjecause the identification of Calixte was the crucial issue at trial and the testimony of the investigating detective was directly related to this issue, we find that the trial court erred in permitting this testimony....” Id. at 573. Strohm’s reliance on our holding in Calixte is misplaced.
In this case, the nurse did not testify about the reliability of a child victim’s testimony, nor did she implicate Strohm. Rather, her testimony served to explain that the victim’s behavior was consistent with children not wanting to be physically examined by a stranger. Moreover, the nurse stated that she saw no physical signs of abuse on the victim. See State v. Gerry, 855 So.2d 157, 160-61 (Fla. 5th DCA 2003) (holding that the probative value of a child protection team nurse’s medical testimony regarding her examination of three alleged child abuse victims was not substantially outweighed by the danger of unfair prejudice).
Next, Strohm alleges that the trial court erred in denying his motion for a mistrial because the prosecutor commented on his right to remain silent during closing argument. During closing, Strohm’s lawyer argued that if Strohm’s mother was alive, her testimony would establish that daily life in the Strohm home was normal. On rebuttal, the State argued that Strohm’s mother’s testimony as to the suggestion of normality in the Strohm home would have served no purpose because the crimes occurred at night when no one was home. The prosecutor went on to explain, “The people who could tell you about that, the only two people who were there [are the victim] and the defendant.” Strohm moved for a mistrial on the ground that the State’s argument emphasized his right to remain silent. The trial court denied the motion, but provided a curative instruction.
 We conclude that the trial court did not err in denying Strohm’s motion for mistrial. The State was permitted to argue that Strohm’s deceased mother’s testimony would be irrelevant when the two *1185 people involved were the victim and Strohm. Such a comment was not a remark on Strohm’s right to remain silent, but instead was a response to Strohm’s suggestion that his mother knew what was taking place at all times inside the home. Furthermore, the State’s comment was not so prejudicial as to vitiate the entire trial when considering the nature of the comment itself and the fact that a curative instruction was given. See Ford v. State, 802 So.2d 1121, 1129 (Fla.2001) (“Both the prosecutor and defense counsel are granted wide latitude in closing argument. A mistrial is appropriate only where a statement is so prejudicial that it vitiates the entire trial.”) (footnotes omitted). Any prejudice from the State’s comment was cured by the trial court’s instruction to the jury. Finally, even if we concluded that the trial court erred, we would hold that there is no reasonable possibility that the State’s comment affected the verdict. See State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986).
Lastly, Strohm claims that his right to a speedy trial was violated, even though he concedes that this same issue was raised in his first appeal. In Strohm I, we concluded that this argument had no merit and affirmed the trial court’s ruling. In the second trial, the trial court correctly denied Strohm’s motion to discharge on the grounds that his right to a speedy trial had been violated because the issue was precluded by the law of the case doctrine. See Strohm I, 985 So.2d at 641; Witt, 939 So.2d at 318.
Based on the foregoing reasons, we affirm Strohm’s judgment and sentence.

Affirmed.

MAY, C.J., and GERBER, J., concur.